UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORIDA RUIZ, <br><br> Plaintiff, <br><br> vs. <br><br> SUNTRUST MORTGAGE, INC., et al., <br><br> Defendants. | Case No. 1:12-cv-00878-LJO-JLT <br><br> ORDER DENYING THE MOTION TO REMAND TO THE KERN COUNTY SUPERIOR COURT <br><br> (Doc. 13.) |

Plaintiff Florida Ruiz seeks an order remanding this action to Kern County Superior Court. (Doc. 13). Plaintiff argues that the notice of removal was not timely and, therefore, the matter should be remanded. Defendants oppose the motion, asserting that the case was not removable until after Plaintiff amended her complaint and dismissed the matter as to the non-diverse defendant. They assert that once this occurred, they filed their notice of removal timely.

For the reasons set forth below, Plaintiff's motion to remand is **DENIED**.

**I.    BACKGROUND**

On February 22, 2012, Plaintiff filed this action in the Kern County Superior Court with the following claims: lack of standing to foreclose, fraud, slander of title, quiet title, declaratory relief, violations of California Civil Code § 2932.5, and violation of California Business and Professions Code § 17200. (Doc. 16, Ex. A.) Among other defendants, the original complaint

1

alleged claims against ReconTrust and the Wolf Firm and included information about each party's citizenship. (Doc. 16, Ex. A at 5.) Both were citizens of California. Id. The complaint alleged that the matter was properly before the Kern County Superior Court because "[t]he transactions and events which are the subject matter of this complaint all occurred within the County of Kern, State of California." (Doc. 16, Ex. A at 6.) Plaintiff's original complaint did not include any information about the amount in controversy, but the First Amended Complaint ("FAC") included evidence of the value of the mortgage on Plaintiff's property in question, $189,592.00, in its attached Exhibit D. (Doc. 1 at 37.)

The Wolf Firm filed a declaration of non-monetary status on March 9, 2012, with proper service on Plaintiff. (Doc. 1 at 54.) Plaintiff did not file a timely objection to the declaration and, as a result, the Wolf Firm became a nominal third party to this action. (Doc. 16 at 2.) When she filed her first amended complaint on May 14, 2012, Plaintiff dismissed ReconTrust from the action. (Doc. 1 at 8.) Defendants filed their notice of removal on May 29, 2012 and based the removal on diversity jurisdiction. (Doc. 1.) Plaintiff filed this motion for remand on June 22, 2012. (Doc. 13.) Defendants filed their opposition to this motion on June 29, 2012. (Doc. 16.)

## II. **DISCUSSION**

### A. **Removal of the Action**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that could have been filed in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981). Thus, in the removal "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Sanchez v. Monumental Life Ins., 102 F.3d 398, 403 (9th Cir. 1996) (citing Gaus v. Miles, 980 F.2d 564, 566-67 (9th Cir.

1992)); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Notably, once a motion to remand is filed, the party who removed the case, not the moving party, has the burden of establishing that federal jurisdiction is proper. See Gaus, 980 F.2d at 566-67); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). See also Sanchez, 102 F.3d at 403-404 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). Removal statutes are strictly construed and any doubts are resolved in favor of state court jurisdiction and remand. See Gaus, 980 F.2d at 566. Likewise, the Court may remand an action to state court for lack of jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c).

To remove a case to federal court, defendants are required to file a notice of removal within the 30-day time limit set forth in 28 U.S.C. § 1446(b). In Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005), the Ninth Circuit held,

> We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

Id., emphasis added. Thus, the "first" 30-day removal period begins to run when an initial pleading is filed. Id. at 694. When the face of the complaint does not reveal whether the case is removable, the defendant is not obligated to investigate, within the initial 30-day period, to determine whether it the matter is removable. Id. at 696. Instead, the "second" 30-day period is triggered by the defendant's receipt of any "other paper" after the defendant receives the complaint. Id. at 694.

Likewise, courts are not required to conduct "mini-trials" to determine what the defendants knew at the time they received the initial pleading to determine whether the matter

was removable. Harris, 425 F.3d at 695.  The Court explained, "The jurisdictional and procedural interests served by a bright-line approach are obvious.  First and foremost, objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading. [Footnote] Just as important, an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry.[Footnote]"  Id. at 697, footnoted omitted.

Likewise, the Ninth Circuit has made clear that documents received by defendants before the filing of the complaint are not considered "other papers" for purposes of triggering the second 30-day removal period.  The Court held,

> It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical. Moreover, that the second paragraph lists "an amended pleading, motion, order"– all documents which logically cannot predate the initial pleading--before "or other paper" leads us to conclude that "other paper" does not include any document received prior to receipt of the initial pleading. See United States v. Williams, 553 U.S. 285, 294, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008) (noting that "the commonsense canon of noscitur a sociis. . . counsels that a word is given more precise content by the neighboring words with which it is associated"). Accordingly, we conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period.

Carvalho v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1225 (9th Cir. Cal. 2010), emphasis added.

The Ninth Circuit has explained, "we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006); see also Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D.Cal.1988) (the elements for removability must be specifically indicated in official papers before the statutory period begins to run). Therefore, the defendant does not have to speculate as to the facts that form the basis for removal jurisdiction. Jong v. General Motors Corp., 359 F.Supp. 223 (N.D.Cal. 1973).

///

### B. Plaintiff's amended complaint "triggered" the removal period

Plaintiff does not challenge the jurisdictional diversity of the parties, but instead challenges the timing of the assertion of federal court jurisdiction. Plaintiff's original complaint included two non-diverse defendants, the Wolf Firm and ReconTrust Company. Because Recon Trust is a citizen of California—as is Plaintiff--diversity jurisdiction did not exist at the time of the filing of the original complaint. 28 U.S.C. § 1332(a).

The Wolf Firm is a slightly different matter. Defendant Wolf Firm filed a declaration of non-monetary status on March 19, 2012. (Doc. 1 at 54.) A party which has declared non-monetary status is, at most, a nominal party, and is not required to participate any further in the action; therefore, that party's citizenship is to be ignored in considerations of diversity jurisdiction. Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir.2000) ("We will ignore the citizenship of nominal ... parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant") (quotations omitted); Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F.Supp.2d 1050, 1052 (N.D. Cal. 2009) aff'd sub nom. Hafiz v. Greenpoint Mortg. Funding, 409 F.App'x 70 (9th Cir. 2010) ("When a trustee under a deed of trust files a declaration of non-monetary status, the party is transformed into a 'nominal' party, thus excusing it from participating in the action. Cal. Civ.Code § 2924*l*.").

Thus, coupled with the filing of the Wolf Firm's declaration of non-monetary status, Plaintiff filing her first amended complaint on May 14, 2012, established this matter's removability by failing to name ReconTrust as a defendant by creating complete diversity under 28 U.S.C. § 1332(a). Indeed, the amended complaint, though referring to acts of ReconTrust, no longer refers to it as a defendant. Therefore, Defendants notice of removal filed on May 29, 2012, was timely.

### III. Conclusion and Order

A removing party is charged only with the requirement of providing a "short, plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Significantly, it is not until the "allegations of jurisdictional facts are challenged" that Defendants were required to "support

5

them by competent proof." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Defendants met this burden by demonstrating the Court has diversity jurisdiction over this matter. The omission of ReconTrust as a defendant in the FAC triggered the removal period on May 14, 2012.

Based upon the foregoing, the Court hereby orders that the motion to remand the matter be **DENIED**.

IT IS SO ORDERED.

Dated:   **July 20, 2012**                                  **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE