1

2

3

4

5

6

7

8

9

10          **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   FLORIDA RUIZ,                              CASE NO. CV F 12-0878 LJO BAM

14                 Plaintiffs,                  **ORDER TO DISMISS REMAINING**
                                                **DEFENDANTS**
15          vs.                                 (Doc. 19.)

16   SUNTRUST MORTGAGE
     INC., et al.,
17
                 Defendants.
18   _____/

19                              **BACKGROUND**

20          This Court's July 24, 2012 order ("July 24 order") dismissed with prejudice defendants Suntrust

21   Mortgage Inc., Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage

22   Association.  The July 24 order noted irreparable deficiencies in the operative complaint of plaintiff

23   Florida Ruiz ("Ms. Ruiz").  The July 24 order required Ms. Ruiz, no later than July 31, 2012, to file

24   papers to show cause why this Court should not dismiss this action against any remaining defendants,

25   including The Wolf Firm.  The July 24 order **ADMONISHES Ms. Ruiz that this Court will dismiss**

26   **this action against any remaining defendants if Ms. Ruiz fails to comply with this order and fails**

27   **to file timely papers to show cause why this Court should not dismiss this action against any**

28   **remaining defendants.**"  (Bold in original.)  Ms. Ruiz filed no papers to address why this Court should

                                            1

1  not dismiss any remaining defendants.

2  ## DISCUSSION

3  ### Failure To Comply With Orders

4      This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

5  [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and

6  all sanctions . . . within the inherent power of the Court." District courts have inherent power to control

7  their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate

8  . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may

9  dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g.,*

10  *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);

11  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

12  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

13  for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone*

14  *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

15  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution

16  and failure to comply with local rules).

17      In determining whether to dismiss an action for failure to comply with a court order or local rules

18  or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

19  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

20  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

21  alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

22  *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

23      In this case, the public's interest in expeditiously resolving this litigation and the Court's interest

24  in managing its docket weigh in favor of dismissal as Ms. Ruiz indicates a lack of interest to further

25  litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor

26  of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

27  prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

28  public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

2

of dismissal discussed herein.  Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.   The July 24 order "**ADMONISHES Ms. Ruiz that this Court will dismiss this action against any remaining defendants if Ms. Ruiz fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against any remaining defendants.**"  (Bold in original.)  Ms. Ruiz ignored the July 24 order in failing to address why any remaining defendants, including The Wolf Firm, should not be dismissed.  As such, Ms. Ruiz disobeyed the July 24 order despite adequate warning that dismissal will result from disobedience of this Court's order.

Moreover, the July 24 order demonstrates that Ms. Ruiz lacks a viable claim under her operative complaint's theories.  This Court construes absence of a response to the July 24 order as a concession that Ms. Ruiz lacks viable claims against any remaining defendants, including The Wolf Firm.  As detailed in the July 24 order, the operative complaint's claims fail as barred legally.  Ms. Ruiz lacks viable claims.

This Court surmises that Ms. Ruiz pursues this action in absence of good faith and seeks to exploit the court system solely for delay or to vex defendants' foreclosure proceedings.  The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action against any remaining defendants, including The Wolf Firm.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.     DISMISSES this action without prejudice against any remaining defendants, including The Wolf Firm; and

1    2.    DIRECTS the clerk to enter judgment in favor of defendant The Wolf Firm and against

2         plaintiff Florida Ruiz and to close this action.

3    IT IS SO ORDERED.

4    **Dated:    August 1, 2012**                        **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28